UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WESLEY J. CRAWFORD,

    Petitioner,

v.

SCOTT P. FISHER,

    Respondent.

Civil No. 10-4768 (MJD/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 1.) The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

In 2002, a federal court jury in the Western District of Texas found Petitioner

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

guilty of violating federal drug laws. He was sentenced to 240 months in federal prison, and he is presently serving his sentence at the Federal Correctional Institution in Sandstone, Minnesota.

Petitioner's conviction and sentence were affirmed by the Fifth Circuit Court of Appeals on direct appeal in 2003. United States v. Crawford, 81 Fed.Appx. 480 (5th Cir. 2003) (per curiam) (unpublished opinion). Petitioner has not identified any subsequent post-conviction challenges to his conviction or his sentence.

On December 1, 2010, Petitioner filed his present application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The current petition presents a single ground for relief, which pertains only to Petitioner's sentence.

The judgment in Petitioner's criminal case clearly indicates that the trial judge imposed a twenty-year sentence. (See Attachment to Petition, [Docket No. 1]; see also Crawford, 81 Fed.Appx. at 481 (confirming that Petitioner was sentenced to "20 years imprisonment").) The sentencing judgment includes a section entitled "Statement of Reasons," which provides information relevant to the computation of Petitioner's sentence, e.g., "Total Offense Level," "Criminal History Category," and "Imprisonment Range." The Statement of Reasons indicates that the "Imprisonment Range" is "240 months," (i.e., twenty years). The Statement of Reasons also includes the following sentence:

> "The sentence is within the guideline range, that range does not exceed 24 months, and the Court finds no reason to depart from the sentence called for by application of the guidelines." (Emphasis added.)

Citing the highlighted portion of the Statement of Reasons – i.e., "that range does not exceed 24 months" – Petitioner now contends that the sentence itself could not exceed

2

24 months. Petitioner claims that he should be released from prison immediately because "the Bureau of Prisons [BOP] has unlawfully held Petitioner eight years, eleven months, and twelve days beyond the 24 months which has been stated with specificity in the Statement of Reasons." (Petition, Ground One, [attached page].)

For the reasons discussed below, the Court finds that Petitioner's claim for relief is without merit.

## II. DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). Section 2255(e) provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). No court has jurisdiction to hear such a collateral challenge under 28 U.S.C. § 2241, unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or

ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.[2]

In this case, it appears that Petitioner is trying to circumvent the § 2255 exclusive remedy rule by arguing that he is not challenging his sentence per se, but rather, he is challenging the BOP's enforcement of his sentence. Petitioner seems to believe that the trial court actually imposed only a 24-month sentence, not a twenty-year sentence, and the BOP therefore "lack[s] the jurisdiction and authority to administer a sentence that exceeds 24 months." (Petition, "Ground One.") The Court rejects that notion.

The judgment in Petitioner's criminal case clearly states that:

"The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **TWENTY (20) YEARS**." (Petition, Attachment, [emphasis in the original].)

The Statement of Reasons section of the judgment does not change, undermine, or cast any doubt upon, the length of Petitioner's sentence. The Statement of Reasons indicates that the applicable guideline range for Petitioner's sentence was exactly

---

[2] In some cases, a § 2241 petition that is barred by the exclusive remedy rule can simply be construed to be a § 2255 motion, and transferred to the original trial court. However, § 2255 motions are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). Because that statute of limitations has clearly expired in Petitioner's case, it would not be appropriate to treat the present habeas corpus petition as a § 2255 motion, and transfer this matter back to the original trial court. Furthermore, it is evident that Petitioner has deliberately decided to challenge his sentence in a § 2241 habeas corpus petition.

4

240 months, (twenty years), and Petitioner's twenty-year sentence was "within the guideline range." (Indeed, it appears that a twenty-year sentence is the only sentence that would fall within the guideline range.)

The clause in the Statement of Reasons that has been cited by Petitioner, which says that the guideline range does not exceed 24 months, does not alter the sentence actually imposed in Petitioner's case. That clause merely verifies that the applicable range itself – i.e., the spread between the minimum guideline sentence and the maximum guideline sentence – is not greater than 24 months.

If the applicable guideline range in a particular case is more than 24 months, then the trial court must "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c)(1). See United States v. Woodrum, 959 F.2d 100, 101 (8th Cir. 1992) (when "the applicable sentencing range spans more than twenty-four months... the district court [must] state its reason for imposing the sentence at a particular point within that range"). However, if the applicable guideline range does not exceed 24 months, (as in Petitioner's case), then the trial court does not have to provide any additional explication for the particular sentence that is being imposed. See United States v. Garrido, 38 F.3d 981, 986 (8th Cir. 1994) ("a district court need not state any reasons where, as here, the applicable range is less than twenty-four months"). Federal sentencing judgments commonly note when the applicable guideline range does not exceed 24 months, because in such cases the sentencing court does not have to "state in open court the reasons for its imposition of the particular sentence."

Thus, the clause cited by Petitioner here, ("that range does not exceed 24 months"), does not have any direct bearing on the sentence actually imposed by the

sentencing judge.  That clause simply signifies that the sentencing judge was not required to provide any additional reasons for the sentence he imposed, (pursuant to 18 U.S.C. § 3553(c)(1)), because the applicable sentencing range did not exceed 24 months.

In sum, the record clearly shows that the sentencing judge imposed a twenty-year sentence on Petitioner – not a 24-month sentence.  Therefore, the BOP obviously can (and must) require Petitioner to serve a twenty-year sentence.  If Petitioner believes there is some flaw in <u>the sentencing judgment itself</u>, he should have raised that issue in his direct appeal, or in a timely § 2255 motion.  Petitioner cannot challenge the sentencing judgment itself in a the present § 2241 habeas corpus petition, because of the § 2255 exclusive remedy rule (discussed above).

Again, the judgment in Petitioner's criminal case clearly imposes a twenty-year sentence, not a 24-month sentence, so the BOP is <u>not</u> contravening the judgment by requiring Petitioner to serve a twenty-year sentence.  Therefore, the Court finds that Petitioner's current habeas corpus petition is without merit, and the Court recommends that this action be summarily dismissed with prejudice.

Having determined that this action should be summarily dismissed, the Court will further recommend that Petitioner's pending application for leave to proceed <u>in forma pauperis</u>, ("IFP"), be summarily denied.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii); <u>see also</u>, <u>Kruger v. Erickson</u>, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (<u>per curiam</u>) (IFP application should be denied where habeas petition cannot be entertained).

## III.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be **DENIED**;

2. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

3. This action be summarily **DISMISSED WITH PREJUDICE**.


Dated: December 3, 2010          s/ *Jeanne J. Graham*
                                 JEANNE J. GRAHAM
                                 United States Magistrate Judge


**NOTICE**

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **December 20, 2010**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.